# EXHIBIT 25

# Anthropic Designated a "Supply Chain Risk": What Contractors Must Know

**March 2, 2026**

**AUTHORS**

David Mortlock  |  Britt Mosman  |  David Levine

On Friday, February 27, 2026, in a post to his Truth Social platform, President Trump directed "EVERY Federal Agency in the United States Government to IMMEDIATELY CEASE all use of Anthropic's technology."[1]  Following that instruction, in a post to X.com (formerly Twitter), U.S. Secretary of Defense Pete Hegseth directed the Pentagon to label Anthropic a "Supply-Chain Risk to National Security."[2]  Neither directive cited legal authority, but Anthropic's statement on the matter referenced its anticipated designation under 10 U.S.C. § 3252,[3] which permits the Defense Department to exclude designated systems from procurement activities.  The scope and immediate effect of Secretary Hegseth's order are in dispute, but regardless of how the ban is implemented, the incident has highlighted the risks of more aggressive actions against federal contractors.

---

[1]  https://truthsocial.com/@realDonaldTrump/posts/116144552969293195.
[2]  https://x.com/SecWar/status/2027507717469049070?s=20 ("**Hegseth Tweet**").
[3]  https://www.anthropic.com/news/statement-comments-secretary-war ("**Anthropic Statement**").

### I. Immediate Takeaways

- Designation of an American company as a supply chain risk under 10 U.S.C. § 3252 appears unprecedented—the provision has previously been used to target foreign adversaries such as Russia's Kaspersky Labs and China's Huawei.

- Use of Section 3252 typically requires official findings by contracting and information security officers; it is unclear whether the Defense Department followed any such process here.

- Secretary Hegseth claimed that, via his order, "[e]ffective immediately, no contractor, supplier, or partner that does business with the United States military may conduct any commercial activity with Anthropic."[4] This appears to exceed Section 3252's scope, but could be enforced informally.

- Contractors and subcontractors should immediately review their use of Anthropic technology in government-facing products and services and prepare to deploy alternatives.

- Prospective government contractors should consider potential reputational and business risks prior to entering negotiations with the Trump Administration.

### II. Analysis

According to both Anthropic and Secretary Hegseth, Anthropic's designation stemmed from a dispute over the level of access the Defense Department would have to the company's AI model, "Claude." The Pentagon demanded "full, unrestricted access"[5] while Anthropic proposed limited exceptions to the Defense Department's implementation.[6] When negotiations stalled, Secretary Hegseth took the extraordinary step of identifying Anthropic as a "Supply-Chain Risk to National Security." Assuming that 10 U.S.C. § 3252 is indeed the governing authority, that provision (and the accompanying implementing section of the Defense Federal Acquisition Regulation Supplement ("**DFARS**")-- 48 C.F.R § 239.73) permits Department of Defense agencies to exclude contract aspirants whose products or services include designated technologies.

Under the terms of Section 3252 and DFARS Section 239.73, a "Supply Chain Risk" designation requires a specific finding that "an adversary may sabotage, maliciously introduce unwanted function, or otherwise subvert" a covered system to "surveil, deny, disrupt, or otherwise degrade the function, use, or operation of such system,"[7] a finding that would typically be supported by detailed reports from competent officials. Neither the President's nor the Secretary's social media posts indicate that such a finding was made. We expect Anthropic to challenge its designation on this (and potentially other) bases.[8]

---

[4] Hegseth Tweet.
[5] Hegseth Tweet.
[6] Anthropic Statement.
[7] 48 CFR 239.7301 "Supply chain risk."
[8] The Anthropic Statement specifically stated that it would "challenge any supply chain risk designation in court."

Until Anthropic mounts a legal challenge, the Defense Department likely will seek to exclude its AI tools from Department contracts, whether formally or informally. Secretary Hegseth additionally claimed that his order would prevent the Defense Department from contracting with any *other* company that engaged in *any* commercial activity with Anthropic—a position that exceeds the plain terms of Section 3252 and DFARS 239.73, which address only supply chain risks in Pentagon-bound products and services. Given the unprecedented nature of the designation itself, we cannot rule out the Defense Department threatening a similar designation against third parties who continue to contract with Anthropic even in non-government-related contexts.

While exceptional and unprecedented, the implication of Section 3252 was itself apparently a step *back* from the U.S. Government's threat to invoke the Defense Production Act ("**DPA**").[9] Resort to the DPA would have theoretically given the President the authority to compel the use of Claude on the government's own terms in the name of national security.

III. **Conclusion**

Anthropic's designation highlights the unpredictable environment currently confronting government contractors. The Administration has shown a willingness to make aggressive use of national security authorities, including both Section 3252 and the DPA, that can afford broad executive discretion and significant leverage in government contracting negotiations. Prospective government contractors should incorporate this risk into their decision-making before pursuing federal procurements.

**If you have any questions regarding this client alert, please contact the following attorneys or the Willkie attorney with whom you regularly work.**

| **David Mortlock** | **Britt Mosman** | **David Levine** |
|---|---|---|
| 202 303 1136 | 202 303 1057 | 202 303 1062 |
| dmortlock@willkie.com | bmosman@willkie.com | dplevine@willkie.com |



BRUSSELS  CHICAGO  DALLAS  FRANKFURT  HAMBURG  HOUSTON  LONDON  LOS ANGELES
MILAN  MUNICH  NEW YORK  PALO ALTO  PARIS  ROME  SAN FRANCISCO  WASHINGTON

Copyright © 2026 Willkie Farr & Gallagher LLP. All rights reserved.

This alert is provided for educational and informational purposes only and is not intended and should not be construed as legal advice, and it does not establish an attorney-client relationship in any form. This alert may be considered advertising under applicable state laws. Our website is: www.willkie.com.

---

[9]   https://thehill.com/policy/technology/5757667-pentagon-threatens-anthropic-dpa/.