1  Elisabeth S. Theodore*
   elisabeth.theodore@arnoldporter.com
2  Benjamin C. Mizer*
   benjamin.mizer@arnoldporter.com
3  Eun Young Choi*
4  eunyoung.choi@arnoldporter.com
   Samuel F. Callahan*
5  sam.callahan@arnoldporter.com
   Aaron X. Sobel*
6  aaron.sobel@arnoldporter.com
7  **ARNOLD & PORTER KAYE SCHOLER LLP**
   601 Massachusetts Ave. NW
8  Washington, District of Columbia 20001
   Telephone:  (202) 942-5000
9  Facsimile:  (202) 942-5999

10 Allyson Myers (SBN 342038)
   ally.myers@arnoldporter.com
11 **ARNOLD & PORTER KAYE SCHOLER LLP**
   777 S. Figueroa St. 44th Floor
12 Los Angeles, CA 90017
   Telephone: (213)-243-4000
13 Facsimile:  (213)-243-4199

14 *Attorneys for Amicus Curiae Alan Z. Rozenshtein*

15 *Application for admission *pro hac vice* forthcoming

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHROPIC PBC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF WAR, et al.,<br><br>　　　　　　Defendants. | Case No. 3:26-cv-01996-RFL<br><br>**UNOPPOSED ADMINISTRATIVE MOTION OF ALAN Z. ROZENSHTEIN FOR LEAVE TO FILE AS *AMICUS CURIAE* A BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, OR SECTION 705 STAY**<br><br>Date:　　March 24, 2026<br>Time:　　1:30 P.M.<br>Judge:　Hon. Rita F. Lin<br>Crtrm.:　15, 18th Floor<br><br>Complaint filed: March 9, 2026 |

1    Pursuant to Local Rule 7-11, proposed amicus Professor Alan Z. Rozenshtein respectfully moves, through undersigned counsel, for leave to file a brief as amicus curiae in support of Plaintiff's motion for a temporary restraining order, preliminary injunction, or Section 705 Stay. The proposed brief is attached as Exhibit 1. In support of this motion, proposed amicus further states:

1.    This Court has discretion to grant non-parties leave to participate as amici. *See NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005); *Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013) (noting that non-parties have the option to file amicus briefs in district court proceedings and that such amici "often make useful contributions to litigation"); *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (amicus participation is appropriate when, among other things, "the proffered information is timely and useful" and the amicus has a "special interest" in the particular case"). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming*, 355 F. Supp. 2d at 1068 (internal quotation marks omitted).

2.    Professor Rozenshtein is a tenured Associate Professor of Law at the University of Minnesota Law School. He is the Research Director and a Senior Editor at Lawfare, a Nonresident Senior Fellow at the Brookings Institution, a Visiting Senior Fellow at the Institute for Law & AI, and a Term Member of the Council on Foreign Relations. For over two years, he worked as an Attorney Advisor with the National Security Division of the U.S. Department of Justice. Professor Rozenshtein's research and teaching focus on executive power and technology regulation.

3.    Professor Rozenshtein files this brief because the case raises questions of exceptional importance concerning the scope of defense procurement authorities and the proper interpretation of statutes designed to protect national security systems from foreign adversary infiltration—questions on which his scholarship and prior government service uniquely position him to assist the Court. He has written and commented on the legal questions presented in this

- 1 -

1  case since reporting of the government's planned "supply chain risk" designation first emerged. *See* Michael Endrias & Alan Z. Rozenshtein, *Pentagon's Anthropic Designation Won't Survive First Contact with Legal System,* Lawfare (Mar. 2, 2026); Alan Z. Rozenshtein & Benjamin Wittes, *The Situation: Stand with Anthropic*, Lawfare (Mar. 2, 2026); Alan Z. Rozenshtein, *What the Defense Production Act Can and Can't Do to Anthropic*, Lawfare (Feb. 25, 2026); Alan Z. Rozenshtein, *Congress—Not the Pentagon or Anthropic—Should Set Military AI Rules*, Lawfare (Feb. 20, 2026). Professor Rozenshtein thus has unique information and perspective on the significant questions of statutory interpretation that are before this Court.

4.  Accordingly, Professor Rozenshtein seeks to offer his views to the Court by means of the accompanying amicus curiae brief. He believes that the brief may assist the Court in deciding these legal issues.

5.  In addition, all procedural requirements for a brief of amicus curiae before this Court are satisfied. The proposed brief is timely and will not delay the Court's resolution of Plaintiff's pending motion, as briefing on Plaintiff's motion has not yet concluded. No counsel for either party authored the proposed brief in whole or part. No person other than the proposed amicus or their counsel contributed money intended to fund the preparation or submission of the proposed brief. *See* Fed. R. App. P. 29(a)(4)(E). Both parties have consented to the filing of this brief of amicus curiae.

For the foregoing reasons, proposed amicus respectfully requests that the Court grant his unopposed motion for leave to file an amicus curiae brief.

Dated: March 11, 2026

By: /s/ Allyson Myers
Elisabeth S. Theodore (pro hac vice to be filed)
Benjamin C. Mizer (pro hac vice to be filed)
Eun Young Choi*
Samuel F. Callahan
Aaron X. Sobel (pro hac vice to be filed)
Allyson Myers (SBN 342038)

**ARNOLD & PORTER**
**KAYE SCHOLER LLP**

Attorneys for Amicus Curiae Alan Z. Rozenshtein