Fred Norton (SBN 224725)
fnorton@nortonlaw.com
Jo Levy (SBN 136327)
jlevy@nortonlaw.com
Josephine Petrick (SBN 280233)
jpetrick@nortonlaw.com
Celine G. Purcell (SBN 305158)
cpurcell@nortonlaw.com
Heather Bates (SBN 337703)
hbates@nortonlaw.com
Hayley Landman (SBN 337852)
hlandman@nortonlaw.com
Saja Spearman-Weaver (SBN 355275)
sspearmanweaver@nortonlaw.com
THE NORTON LAW FIRM PC
300 Frank H. Ogawa Plaza, Suite 450
Oakland, CA 94612
Telephone: (510) 906-4900

*Counsel* for Amici Curiae

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHROPIC PBC, <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF WAR, et al., <br><br> *Defendant*. | Case No. 3:26-cv-01996-RFL <br><br> **MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* FREEDOM ECONOMY BUSINESS ASSOCIATION AND OTHER VALUES-LED INVESTORS IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> The Hon. Rita F. Lin <br> Date:    March 24, 2026 <br> Time:    1:30 PM <br> Dept.:    15 <br><br> Complaint Filed: March 9, 2026 |

Pursuant to Local Rule 7-11, proposed *amicus* Freedom Economy Business Association (FEBA) and the other proposed *amici* (identified in Appendix A attached hereto) respectfully move, through undersigned counsel, for leave to file a brief as *amici curiae* in support of Plaintiff's Motion for a Temporary Restraining Order, Preliminary Injunction, or Section 705 Stay. Plaintiff and Defendants have consented to the filing of this brief. The proposed brief is attached as Exhibit 1.

This Court has discretion to grant non-parties leave to participate as *amici*. *See NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005); *Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013) (noting that non-parties have the option to file *amicus* briefs in district court proceedings and that such *amici* "often make useful contributions to litigation"); *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (*amicus* participation is appropriate when, among other things, "the proffered information is timely and useful" and the *amicus* has a "'special interest" in the particular case"). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming*, 355 F. Supp. 2d at 1068 (internal quotation marks omitted).

FEBA is a national membership community of more than 150 institutional investors, asset managers, asset owners, allocators, and service providers committed to advancing equitable and sustainable investment practices. Based on currently reported member data, FEBA members collectively represent more than $25 billion in assets under management and influence. FEBA's interest in this case is to ensure that investors retain the ability to deploy capital according to their own judgment and values, free from government actions that distort the market by punishing companies for adhering to their stated principles.

The additional proposed *amici* are values-led investors that rely upon the existence of rules-based market conditions and a stable legal environment to make their investment decisions.

FEBA and the additional proposed *amici* have a concerted interest in Anthropic's action because markets depend on the premise that Executive power is not only bounded but will be applied fairly, not vindictively.

Further, the responsible development and deployment of artificial intelligence technology represents one of the most consequential areas of investment activity in the current economic landscape. FEBA members and many of the *amici* have invested significantly in companies across the AI ecosystem — companies whose valuations, revenue stability, and long-term viability depend on a predictable, rules-based regulatory environment and the protection of private enterprise from arbitrary government action.

The proposed *amici* file this brief because the case raises critical questions with respect to Executive overreach and investors' First Amendment Rights. The President cannot wholesale blacklist a company for declining to offer its products or services on terms the Administration demands, because the company has expressed a competing policy view about how those products or services should be used by a responsible government. The February 2026 Presidential Directive and Department of War pronouncements targeting Anthropic (the "Challenged Actions") are ultra vires, arbitrary and capricious, undertaken without due process, and violate Anthropic's First Amendment right to free expression, as well as the First Amendment and associational rights of Anthropic's investors. But the Challenged Actions do not only hurt Anthropic and its investors; they limit any market participant that relies upon process, information transparency, and the rule of law to make informed decisions about where to invest. And they particularly limit values-led investors, like the proposed *amici*, who align their capital with companies' core values.

Reasonable investors like the proposed *amici* cannot operate in this environment. All investments, especially with government contractors, are now clouded by the threat that the Administration can, at any time and for any reason, designate an American company as an adversary and seek to destroy it. Dean Ball, Senior Policy Advisor for AI and Emerging Tech during President Trump's first term, reacted to the Challenged Actions bluntly and aptly:

"Nvidia, Amazon, Google will have to divest from Anthropic if Hegseth gets his way. This is simply attempted corporate murder. I could not possibly recommend investing in American AI to any investor; I could not possibly recommend starting an AI company in the United States." The proposed *amici*'s brief provides argument unique to this perspective that will assist the Court in its review of the pending motion.

In addition, all procedural requirements for a brief of *amicus curiae* before this Court are satisfied. The proposed brief is timely and will not delay the Court's resolution of Plaintiff's pending motion, as briefing on Plaintiff's motion has not yet concluded. No counsel for either party authored the proposed brief in whole or part. No person other than the proposed *amicus* or their counsel contributed money intended to fund the preparation or submission of the proposed brief. See Fed. R. App. P. 29(a)(4)(E). Both parties have consented to the filing of this brief of *amici curiae*.

Proposed *amici* respectfully requests this Court's leave to appear as *amici curiae* and to accept and deem filed the accompanying proposed brief.

DATED: March 13, 2026

Respectfully submitted,

*/s/ Celine G. Purcell*
Celine G. Purcell
cpurcell@nortonlaw.com
THE NORTON LAW FIRM PC
300 Frank H. Ogawa Plaza, Suite 450
Oakland, CA 94612
Telephone: (510) 906-4900

*Counsel* for Amici Curiae

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.

>*/s/ Fred Norton*
>Fred Norton
>fnorton@nortonlaw.com
>THE NORTON LAW FIRM PC
>300 Frank H. Ogawa Plaza, Suite 450
>Oakland, CA 94612
>Telephone: (510) 906-4900
>
>*Counsel* for Amici Curiae