BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON (CA Bar No. 296283)
Deputy Assistant Attorney General
JEAN LIN (NY Bar No. 4074530)
Special Litigation Counsel
JAMES W. HARLOW (Md. Bar, no number issued)
KRISTINA A. WOLFE (VA Bar. No. 71570)
Senior Trial Counsel
CHRISTIAN R. DIBBLEE (D.C. Bar No. 90002557)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-6786
james.w.harlow@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANTHROPIC PBC*,* | ) Case No. 3:26-cv-01996-RFL |
| Plaintiff, | ) |
| | ) **DEFENDANTS' ADMINISTRATIVE MOTION** |
| v. | ) **TO FILE UNDER SEAL CERTAIN PAGES OF** |
| | ) **EXHIBIT 1 TO DEFENDANTS' OPPOSITION** |
| U.S. DEPARTMENT OF WAR, *et al.,* | ) **TO PLAINTIFF'S MOTION FOR A** |
| | ) **TEMPORARY RESTRAINING ORDER,** |
| Defendants. | ) **PRELIMINARY INJUNCTION, OR SECTION** |
| | ) **705 STAY** |
| | ) |
| | ) Hearing Date: March 24, 2026 |
| | ) Time: 1:30 PM |
| | ) Judge:  Hon. Rita F. Lin |
| | Place: San Francisco Courthouse |
| | Courtroom 15 |

Case No. 3:26-cv-1996-RFL                    Defendants' Administrative Motion To File Under
                                             Seal Certain Pages of Exhibit 1 to Defendants'
                                                                              Opposition

Pursuant to Civil Local Rule 7-11 and 79-5(c), Defendants move to file under seal pages DoW-PI-009 through DoW-PI-021 of Exhibit 1 to their opposition to Plaintiffs' preliminary-injunction motion, *see* ECF No. 6.  Those pages contain a report from a private vendor to the Department of War regarding the vendor's assessment of the security risks posed by Anthropic.  Defendants seek to seal that report in full because it contains that vendor's confidential and proprietary business information.  As required by Civil Local Rule 79-5(d), an unredacted copy of all pages in Exhibit 1, including those that Defendants seek to seal, is attached as Exhibit A to this motion.  As required by the same rule, the publicly filed version of Exhibit 1 noted that pages 009–021 have been filed under seal.

There are two "compelling reasons" to file those pages under seal.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  *First*, the report at issue displays how the vendor analyzes a subject for security risks and what information it considers as relevant and appropriate to make that assessment.  In other words, the vendor's approach as reflected in the report is proprietary information.  Competitors of that vendor thus could use the report to copy the vendor's practices and use them to improve their own practices or make other uses at the vendor's expense.  Competitors could also use this knowledge to denigrate the vendor's methods and procedures to prospective customers.  Courts routinely grant motions to place under seal such "sources of business information" that might create competitive harm.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see also Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021) (collecting authorities).  And given that here a *non-party* will suffer competitive harm from disclosure, there is even more compelling justification to seal that report.  *See, e.g.*, *Monk v. N. Coast Brewing Co. Inc.*, 2018 WL 6069942, at *2 (N.D. Cal. Nov. 20, 2018) (sealing "confidential business and financial information" relating to the operations of a non-party); *EON Corp IP Holdings LLC v. Cisco Sys. Inc.*, 2014 WL 1017514, at *2 (N.D. Cal. Mar. 11, 2014) (sealing "non-public confidential information regarding [non-party's] business dealings with its cutomers [*sic.*] and the functioning of its products").

*Second*, the report and information contained therein are subject to a confidentiality agreement between the Department of War and the vendor.  Indeed, each page of the report features a marking of "For Client Use Only – Proprietary."  And the second page contains a "Disclaimer" noting that distribution of the report "to any third party is prohibited except as approved in the Agreement or by [the vendor]."

Public disclosure of the report thus would violate the agreement reached by the vendor and the Department while also exposing that vendor's assessment methods to its competitors. *See Regis Metro Assocs., Inc. v. NBR Co., LLC*, 2022 WL 267443, at *14 (N.D. Cal. Jan. 28, 2022) (granting motion to seal sensitive business documents containing information "covered by a confidentiality agreement"); *see also Garrity Power Servs. LLC v. Samsung Elecs. Co.*, 2021 WL 3473937, at *2 (N.D. Cal. July 29, 2021) (sealing exhibits containing "confidential business information and proprietary technical information" that were "shared with customers and others outside the company only pursuant to non-disclosure agreement"). And if sealing is denied, the name of a third-party vendor will be exposed to public attention, potentially subjecting the vendor to collateral consequences in this high-profile litigation.

There is no less restrictive alternative to sealing this portion of Exhibit 1 because the harms described above will occur if any part of pages 009–021 are disclosed to the public. Redaction of the vendor's name is not possible because the report features a color scheme that is traceable to the vendor in question and would expose its identity to its competitors. Accordingly, full sealing of those pages is necessary.

Defendants conferred with Anthropic regarding this request. Anthropic is not able to take a position at this time but has authorized Defendants to represent that it will inform the Court of its position once it reviews this motion and the pages that have been provisionally filed under seal.

## CONCLUSION

Defendants respectfully request this Court grant this Motion and file pages DoW-PI-009 through DoW-PI-021 of Exhibit 1 under seal. And in light of the harms that will could arise from public disclosure, Defendants request that the Court order Anthropic and its counsel not to disseminate those pages further.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JEAN LIN
Special Litigation Counsel
Federal Programs Branch

*/s/ James W. Harlow*
JAMES W. HARLOW (Md. Bar; no number issued)
KRISTINA A. WOLFE (VA. Bar. 71570)
Senior Trial Counsel
CHRISTIAN R. DIBBLEE (D.C. Bar. 90002557)
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-6786
james.w.harlow@usdoj.gov