BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON (CA Bar No. 296283)
Deputy Assistant Attorney General
JEAN LIN (NY Bar No. 4074530)
Special Litigation Counsel
JAMES W. HARLOW (Md. Bar, no number issued)
KRISTINA A. WOLFE (VA Bar. No. 71570)
Senior Trial Counsel
CHRISTIAN R. DIBBLEE (D.C. Bar. No. 90002557)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-6786
james.w.harlow@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANTHROPIC PBC, | ) Case No. 3:26-cv-01996-RFL |
| | ) |
| Plaintiff, | ) **[PROPOSED] ORDER GRANTING** |
| | ) **DEFENDANTS' ADMINISTRATIVE MOTION** |
| v. | ) **TO FILE UNDER SEAL** |
| | ) |
| U.S. DEPARTMENT OF WAR, *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Having reviewed and fully considered Defendants' Motion to File Under Seal pages DoW-PI-009 through DoW-PI-021 of Exhibit 1 to their opposition to Plaintiff's Motion for a Preliminary Injunction, it is hereby:

**ORDERED** that Defendants' Motion is **GRANTED**. The Court finds that Defendants have sufficiently described "compelling reasons" to file the pages at issue under seal. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Those pages comprise a report written by a security-services vendor to the Department of War containing that vendor's assessment of security risks posed by Anthropic. The vendor has a legitimate private interest in ensuring that its proprietary methods for such assessments are not exposed to competitors. The Court finds that were the report to be placed on the public docket, it could cause competitive harm for the vendor because others could use the vendor's methods and practices to bolster their own practices or otherwise make other business uses of the methods and practices, all at the vendor's expense. Sealing is particularly justified here given that the report is marked as proprietary information and contains a disclaimer making clear that it is subject to a confidentiality agreement. *See, e.g.*, *Garrity Power Servs. LLC v. Samsung Elecs. Co.*, 2021 WL 3473937, at *2 (N.D. Cal. July 29, 2021). The Court also concludes that the vendor should not be subjected to these harms given that it is not a party to this litigation.

The Court also concludes that a less restrictive alternative to sealing these pages in full is not possible because the markings on the report are traceable to the vendor. Thus were these pages made public in a redacted form, the vendor would still be subject to the harms described above. To further avoid those harms, the Court will order Anthropic and its counsel not to further disclose pages 009–021 of Exhibit 1.

Accordingly, the Clerk of Court is **ORDERED** to place the full version of Exhibit 1 to Defendants' opposition under seal. The version of Exhibit 1 without pages DoW-PI-009 through DoW-PI-021 shall remain on the public docket. It is further **ORDERED** that Anthropic and its counsel shall not further disclose those pages to anyone else except for purposes of litigating this case.

**SO ORDERED**.

Case No. 3:26-cv-1996-RFL                    1                    Proposed Order on Defendants' Administrative Motion To File Under Seal Exhibit to Defendants' Opposition

Dated: _____                    _____

                                                           Rita F. Lin
                                                           United States District Judge