# EXHIBIT 2

**From:** **Fuscellaro, Anthony COL USARMY OSW SECWAR (USA)** anthony.fuscellaro1.mil@war.mil
**Subject:** Official Correspondence from the Department of War to Anthropic
**Date:** March 4, 2026 at 5:49 PM
**To:** dario@anthropic.com
**Cc:** jbleich@anthropic.com, Matthews, Earl G HON (USA) earl.g.matthews.civ@mail.mil

Mr. Amodei,
Please see the attached letters as official notification from the Department of War regarding Anthropic.  Hard copies will follow via official mail.

Please acknowledge receipt and direct all responses through the Department of War General Counsel, Honorable Earl Matthews.  Thank you.

**v/r,**
**COL Tony Fuscellaro, USA**
**Executive Secretary**
**Department of War**

| | | | |
|---|---|---|---|
| **Notice to Anthropic Pursuant to Title 10 U.S.C. Section 3252...** <br> 1.9 MB |  | **Notice to Anthropic Pursuant to Title 41 U.S.C. Section 4713...** |  |



**SECRETARY OF WAR**
1000 DEFENSE PENTAGON
WASHINGTON, DC 20301-1000

MAR - 3 2026

Mr. Dario Amodei
Chief Executive Officer
Anthropic, PBC
548 Market Street
San Francisco, CA 94104

Dear Anthropic, PBC Executive Leadership:

This letter provides notice to Anthropic, Public Benefit Corporation (PBC), and its subordinate, subsidiaries, or affiliated offices or entities, doing business under various names, and all subsidiaries, successors, or assigns thereof ("Covered Entity") that, pursuant to title 41, United States Code (U.S.C.), section 4713 ("Section 4713"), the Department of War (DoW) has determined that (i) the use of the Covered Entity's products or services in DoW covered procurements[1] presents a supply chain risk and that the use of the Section 4713 authority to carry out covered procurement actions[2] is necessary to protect national security by reducing supply chain risk, and (ii) less intrusive measures are not reasonably available to reduce such supply chain risk.

**Scope of Authorized Covered Procurement Actions**

This Determination is necessary to reduce supply chain risk and applies to the Covered Entity, Covered Products or Services, Covered Procurements, and Covered Procurement Actions as follows:

- **Covered Entity:** Anthropic, PBC, and its subordinate, subsidiaries, or affiliated offices or entities, doing business under various names, and all subsidiaries, successors, or assigns thereof.

- **Covered Products or Services:** All of the Covered Entity's products or services that meet the definition of a "covered article" or that are part of a "covered procurement," as those terms are defined at 41 U.S.C. § 4713(k), whether acquired as a product or service. This includes all of the Covered Entity's products or services offered by the Covered Entity that become available for procurement.

- **Covered Procurements:** All DoW procurements described in Section 4713(k)(3).

- **Covered Procurement Actions:** All actions described in Section 4713(k)(4).

---

[1] 41 U.S.C. § 4713(k)(3)
[2] 41 U.S.C. § 4713(k)(4)

**Effective Date**

This Determination is effective immediately and shall remain in effect until modified or terminated in writing by the Section 4713 Authorized Official.

**Request for Reconsideration**

If the Covered Entity wishes to request that the DoW reconsider this Determination, the Covered Entity must submit in writing to the undersigned within 30 days of receipt of this letter, notice of such request for reconsideration. For additional information, requirements, and procedures governing such request, see the enclosed Requirements and Procedures for Requesting Reconsideration of a Section 4713 Determination.

Sincerely,

Enclosure:
As stated

2

## ATTACHMENT 1
### Requirements and Procedures for Requesting Reconsideration of a Section 4713 Determination

The following requirements and procedures govern a Covered Entity's request for reconsideration of a Section 4713 determination:

1. **Notice of Request for Reconsideration:** Within thirty (30) days of receiving the Section 4713 Authorized Official's letter notifying the Covered Entity of the Section 4713 determination, the Covered Entity may submit in writing to the Section 4713 Authorized Official notice of the Covered Entity's request for reconsideration. Such notice should identify the specific relief or remedy being requested (e.g., specific modifications to, or termination in whole or in part, of any elements of the determination). All notices and written information must be submitted to osd.mc-alex.ousd-a-s.mbx.10-usc-section-3252-determinations@mail.mil.

2. **Opportunity to Submit and Present Information**: If the Covered Entity submits a timely notice of request for consideration, the Covered Entity will be afforded an additional thirty (30) calendar days (from the date the Section 4713 Authorized Official received such timely notice) to submit in writing, and to appear and present, additional information and arguments in support of such request for reconsideration. The Covered Entity must either send, or make arrangements to appear and present, the information to representatives of the Section 4713 Authorized Official within the thirty (30) day period. The Section 4713 Authorized Official may extend the time to appear and submit documentary evidence upon written request by the Covered Entity.

3. **Flexible Procedures**: The Section 4713 Authorized Official may use flexible procedures to allow the Covered Entity to submit and present information in support of the request for reconsideration. In so doing, the Section 4713 Authorized Official is not required to follow formal rules of evidence or procedures in creating an official record of the request for reconsideration and the Official's disposition of that and request.

4. **Content of Submissions/Presentations**: When submitting and presenting information in support of a request for reconsideration, the Covered Entity should, to the maximum extent practicable, identify specific facts that contradict statements contained in the Section 4713 Covered Entity notification, and provide detailed rationale for any arguments in support of the request and the remedy or relief being requested. A general denial is insufficient to support reconsideration of a Section 4713 determination.

5. **Appearing and Presenting Information:** An appearance and presentation is an informal meeting that is non-adversarial in nature. When electing to appear and present information, the representative(s) of the Covered Entity may choose to appear with counsel. Any information to be presented should be provided in written form at least 5 working days in advance of the presentation. Usually, all matters in opposition should be presented in a single proceeding. Any information not submitted in advance, but provided orally during an appearance, must also be submitted in writing after the appearance for the information to be

considered. The representative(s) of the Section 4713 Authorized Official, and/or other agency representatives, may ask questions of the Covered Entity's representative(s) making the presentation. Federal rules of evidence do not govern the appearance and presentation.

6. **Notice Regarding False Statements**: Any material information submitted in response to this action will be considered a statement or representation to a government official concerning a matter within the jurisdiction of the executive branch of the government. To that end, please note that an individual making any materially false, fictitious, or fraudulent statement or representation to a Government official may be subject to prosecution under 18 U.S.C. § 1001.



**SECRETARY OF WAR**
**1000 DEFENSE PENTAGON**
**WASHINGTON, DC 20301-1000**

**MAR − 3 2026**

Mr. Dario Amodei
Chief Executive Officer
Anthropic, PBC
548 Market Street
San Francisco, CA  94104

Dear Anthropic, PBC Executive Leadership:

This letter provides notice to Anthropic, Public Benefit Corporation (PBC), and its subordinate, subsidiaries, or affiliated offices or entities, doing business under various names, and all subsidiaries, successors, or assigns thereof ("Covered Entity") that, pursuant to title 10, United States Code (U.S.C.), section 3252 ("Section 3252"), the Department of War (DoW) has determined that (i) the use of the Covered Entity's products or services in DoW covered systems[1] presents a supply chain risk and that the use of the Section 3252 authority to carry out covered procurement actions[2] is necessary to protect national security by reducing supply chain risk, and (ii) less intrusive measures are not reasonably available to reduce such supply chain risk.

**Scope of Authorized Covered Procurement Actions**

This Determination is necessary to reduce supply chain risk and applies to the Covered Entity, Covered Products or Services, Covered Procurements, and Covered Procurement Actions as follows:

- **Covered Entity:**  Anthropic, PBC, and its subordinate, subsidiaries, or affiliated offices or entities, doing business under various names, and all subsidiaries, successors, or assigns thereof.

- **Covered Products or Services:**  All of the Covered Entity's products or services that meet the definition of a "covered item of supply" or that would be procured as part of a "covered system," as those terms are defined at 48 C.F.R. § 239.7301, whether acquired as a product or service.  This includes all of the Covered Entity's products or services offered by the Covered Entity that become available for procurement.

- **Covered Procurements:**  All DoW procurements for which 48 C.F.R. Subpart 239.73 is applicable, in accordance with 48 C.F.R. § 239.7302.

- **Covered Procurement Actions:**  All actions authorized in accordance with 48 C.F.R. § 239.7305.

---

[1] 10 U.S.C. § 3252(d)(5)
[2] 10 U.S.C. § 3252(d)(2)

**Effective Date**

This Determination is effective immediately and shall remain in effect until modified or terminated in writing by the Section 3252 Authorized Official.

**Request for Reconsideration**

If the Covered Entity wishes to request that the DoW reconsider this Determination, the Covered Entity must submit in writing to the undersigned within 30 days of receipt of this letter, notice of such request for reconsideration. For additional information, requirements, and procedures governing such request, see the enclosed Requirements and Procedures for Requesting Reconsideration of a Section 3252 Determination.

Sincerely,

Enclosure:
As stated

2

UNCLASSIFIED

**ATTACHMENT 1**
**Requirements and Procedures for Requesting Reconsideration of a Section 3252**
**Determination**

The following requirements and procedures govern a Covered Entity's request for reconsideration of a Section 3252 determination:

1. **Notice of Request for Reconsideration:** Within thirty (30) days of receiving the Section 3252 Authorized Official's letter notifying the Covered Entity of the Section 3252 determination, the Covered Entity may submit in writing to the Section 3252 Authorized Official notice of the Covered Entity's request for reconsideration. Such notice should identify the specific relief or remedy being requested (e.g., specific modifications to, or termination in whole or in part, of any elements of the determination). All notices and written information must be submitted to osd.mc-alex.ousd-a-s.mbx.10-usc-section-3252-determinations@mail.mil.

2. **Opportunity to Submit and Present Information**: If the Covered Entity submits a timely notice of request for consideration, the Covered Entity will be afforded an additional thirty (30) calendar days (from the date the Section 3252 Authorized Official received such timely notice) to submit in writing, and to appear and present, additional information and arguments in support of such request for reconsideration. The Covered Entity must either send, or make arrangements to appear and present, the information to representatives of the Section 3252 Authorized Official within the thirty (30) day period. The Section 3252 Authorized Official may extend the time to appear and submit documentary evidence upon written request by the Covered Entity.

3. **Flexible Procedures**: The Section 3252 Authorized Official may use flexible procedures to allow the Covered Entity to submit and present information in support of the request for reconsideration. In so doing, the Section 3252 Authorized Official is not required to follow formal rules of evidence or procedures in creating an official record of the request for reconsideration and the Official's disposition of that and request.

4. **Content of Submissions/Presentations**: When submitting and presenting information in support of a request for reconsideration, the Covered Entity should, to the maximum extent practicable, identify specific facts that contradict statements contained in the Section 3252 Covered Entity notification, and provide detailed rationale for any arguments in support of the request and the remedy or relief being requested. A general denial is insufficient to support reconsideration of a Section 3252 determination.

5. **Appearing and Presenting Information:** An appearance and presentation is an informal meeting that is non-adversarial in nature. When electing to appear and present information, the representative(s) of the Covered Entity may choose to appear with counsel. Any information to be presented should be provided in written form at least 5 working days in advance of the presentation. Usually, all matters in opposition should be presented in a single proceeding. Any information not submitted in advance, but provided orally during an appearance, must also be submitted in writing after the appearance for the information to be

UNCLASSIFIED

considered. The representative(s) of the Section 3252 Authorized Official, and/or other agency representatives, may ask questions of the Covered Entity's representative(s) making the presentation. Federal rules of evidence do not govern the appearance and presentation.

6. **Notice Regarding False Statements**: Any material information submitted in response to this action will be considered a statement or representation to a government official concerning a matter within the jurisdiction of the executive branch of the government. To that end, please note that an individual making any materially false, fictitious, or fraudulent statement or representation to a Government official may be subject to prosecution under 18 U.S.C. § 1001.

UNCLASSIFIED