BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
JEAN LIN
Senior Litigation Counsel
JAMES W. HARLOW (Md. Bar, no number issued)
KRISTINA A. WOLFE (VA Bar. No. 71570)
Senior Trial Counsel
CHRISTIAN R. DIBBLEE (D.C. Bar No. 90002557)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-6786
james.w.harlow@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANTHROPIC PBC, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF WAR, *et al.,* <br><br> Defendants. | Case No. 3:26-cv-01996-RFL <br><br> **DEFENDANTS' RESPONSE TO THIRD DECLARATION OF THIYAGU RAMASAMY** <br><br> Judge: Hon. Rita F. Lin |

As permitted by the Court, *see* Minute Entry, ECF No. 123 (Mar. 24, 2026), Defendants respectfully submit this response to the Third Declaration of Thiyagu Ramasamy, ECF No. 126. The Third Ramasamy Declaration represents Anthropic PBC's last gasp effort to satisfy the Court's appropriate demand for record evidence "that Anthropic has standing to seek emergency injunctive relief against" various agency defendants. Notice of Questions for Hearing, ECF No. 118, at 3. It falls woefully short of meeting that burden.

Case No. 3:26-cv-1996-RFL                                                      Defs.' Resp. to 3d Ramasamy Decl.

*First*, Anthropic has not established entitlement to an injunction against the Executive Office of the President. Despite the Court's explicit request for record evidence, *see id.* 4, the Third Ramasamy Declaration does not mention, and thus impliedly concedes that Anthropic no longer seeks relief against, the Executive Office of the President. Nor can Anthropic obtain relief against the Executive Office of the President based on the President's statements. As Defendants have already explained, federal courts lack jurisdiction to enter injunctive relief against the President, and his actions are not subject to APA review. Opp'n to Pl.'s Mot. for Preliminary Injunction, ECF No. 96, at 16 n.5 & 29.

*Second*, for the agencies named in the Third Ramasamy Declaration, no material evidence is provided, only unsupported and conclusory statements that are insufficient to support a preliminary injunction. *Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1985) ("These affidavits are conclusory and without sufficient support in facts."). And even if the Court considers these barebones assertions, the Court would still lack jurisdiction over "a challenge to an agency's termination of any contractual relationship with Anthropic." Defs.' Opp'n (ECF No. 96) 16 n.5. Anthropic must instead proceed in accordance with the review scheme available for contract disputes with the Government. *See id.* 16 n.5, 22-23; *see also* 28 U.S.C. § 1491; *United Aeronautical Corp. v. U.S. Air Force*, 80 F.4th 1017, 1022-23 (9th Cir. 2023). And as for those agencies with no contractual relationship with Anthropic—that is, agencies who merely used Claude through a third-party provider like Amazon Web Services—the Third Ramasamy Declaration does not explain how an agency's voluntary choice to stop using an optional feature provided by a third party affords standing to Anthropic to seek emergency relief. Nor could it. Just like any private entity, a federal agency may limit employee access to or usage of particular software programs or information technology tools.

Respectfully submitted,


BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JEAN LIN
Special Litigation Counsel
Federal Programs Branch

*/s/ James W. Harlow*
JAMES W. HARLOW (Md. Bar; no number issued)
KRISTINA A. WOLFE (VA. Bar. 71570)
Senior Trial Counsel
CHRISTIAN R. DIBBLEE (D.C. Bar. 90002557)
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-6786
james.w.harlow@usdoj.gov