BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON (CA Bar No. 296283)
Deputy Assistant Attorney General
JEAN LIN (NY Bar No. 4074530)
Senior Litigation Counsel
JAMES W. HARLOW (Md. Bar, no number issued)
KRISTINA A. WOLFE (VA Bar. No. 71570)
Senior Trial Counsel
CHRISTIAN DIBBLEE (DC Bar No. 90002557)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-6786
james.w.harlow@usdoj.gov

*Counsel for Defendants*

MICHAEL J. MONGAN (SBN 250374)
michael.mongan@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000

*Counsel for Plaintiff Anthropic PBC*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANTHROPIC PBC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:26-cv-01996-RFL |
| | ) |
| U.S. DEPARTMENT OF WAR, *et al.*, | ) **JOINT STIPULATION REGARDING** |
| | ) **CASE SCHEDULE** |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Pursuant to the Court's order of April 1, 2026 requiring the parties to submit a joint stipulation (ECF No. 139), the Parties hereby submit their respective positions regarding the case schedule and their

Case No. 3:26-cv-1996-RFL                    Joint Stipulation Regarding Case Schedule

proposed orders.[1]

**Defendants' Position:**

**1.    Stay of District Court Proceedings.**  On April 2, 2026, Defendants appealed the Court's preliminary injunction order to the Ninth Circuit. *See* ECF No. 141.  As the Court is aware, Anthropic also has a pending action before the D.C. Circuit regarding the Department of War's determination of Anthropic as a supply chain risk under 41 U.S.C. § 4713.  On May 19, 2026, the D.C. Circuit will hear argument as to that challenge. *See Anthropic PBC v. U.S. Dep't of War*, No. 26-1049, 2026 WL 1042493, at *1 (D.C. Cir. Apr. 8, 2026).

Defendants respectfully request this Court exercise its "inherent power" and stay all district court litigation pending resolution of the Ninth and D.C. Circuit proceedings. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-255 (1936)).  Among the competing interests that must weighed in deciding a motion to stay "are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Id.*  These factors decidedly point in favor of a stay.  This Court has issued a preliminary injunction that maintains the status quo between the parties and protects Anthropic against any asserted harm before resolution of this case on the merits.  A stay therefore would impose no "hardship or inequity" because the preliminary injunction remains in place. *CMAX*, 300 F.2d at 268.

At the same time, a stay of district court litigation "will promote economy of time and effort for [this Court], for counsel, and for litigants." *CMAX*, 300 F.2d at 268. The Ninth Circuit's decision on appeal may "provide highly relevant guidance and possibly create dispositive authority regarding" the legal issues in this case, *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1063–64 (E.D. Cal. 2023), thereby "simplifying" this case, *CMAX*, 300 F.2d at 268; *see, e.g.*, *Kuang v. U.S. Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *5-7 (N.D. Cal. Apr. 15, 2019).  So too for the D.C. Circuit's forthcoming decision.  *See*

---

[1] The parties are aware of the Court's requirement that "[a]ll filing deadlines are at 5:00 p.m. (Pacific Time) unless otherwise ordered."  The parties request that the Court accept this filing *nunc pro tunc* because the parties were continuing to negotiate past 5:00 p.m.

*Flores*, 675 F. Supp. 3d at 1060 ("A court may issue a stay of proceedings in the interests of efficiency and fairness when a 'pending resolution of independent proceedings [ ] bear[s] upon the case.'") (quoting *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).

Thus, Defendants request that all litigation before this Court be stayed pending resolution of both:

1. Defendants' appeal of the preliminary injunction order in Ninth Circuit case number 26-2011, including resolution of any petitions for rehearing or rehearing en banc before the Ninth Circuit, as well as any petition for a writ of certiorari to the U.S. Supreme Court; and

2. Anthropic's petition for review in D.C. Circuit case number 26-1049, including resolution of any petitions for rehearing or rehearing en banc before the D.C. Circuit, as well as any petition for a writ of certiorari to the U.S. Supreme Court.

Defendants further propose that within 14 days of the resolution of the Ninth and D.C. Circuit proceedings, the Parties file another joint stipulation and proposed order regarding the schedule for further litigation before this Court.

Anthropic identifies no harm it would allegedly suffer because of a stay and instead opposes a stay because Defendants informed them that they would seek an abeyance of the Ninth Circuit appeal pending the D.C. Circuit's consideration of Anthropic's petition for review. The D.C. Circuit recently entered an order "agree[ing] with Anthropic that substantial expedition is warranted" in the company's D.C. Circuit petition for review. Order, *Anthropic PBC v. U.S. Dep't of War*, No. 26-1049, at 4 (D.C. Cir. April 8, 2026). Under the D.C. Circuit's scheduling order, the case will be fully briefed and argued within the next four weeks. *Id.* at 2. Because the Ninth Circuit's longer briefing schedule overlaps with the briefing schedule in the "substantial[ly] expedit[ed]," *id.* at 4, D.C. Circuit matter, Defendants intend to move the Ninth Circuit to sequence the Ninth Circuit briefing so that it follows the D.C. Circuit's expedited ruling. Anthropic's opposition to this is particularly surprising given the preliminary injunction it obtained in this Court and its position in the D.C. Circuit that "the issues" addressed in the order Defendants have appealed to the Ninth Circuit "substantially overlap with those presented by Anthropic's petition" to the D.C. Circuit. *Id.*, Rule 28(j) Letter 1 (Mar. 26, 2026).

**2.    Proceeding to Summary Judgment on the Administrative Records.**

If the Court declines to stay this case, Defendants propose to answer or otherwise respond to the Complaint on Monday, June 8, 2026, which is the earliest date by which the Government is required to respond to the Complaint, *see* Civil L.R. 16-5. Defendants further propose the following schedule for producing the certified administrative record and briefing cross-motions for summary judgment.

| | |
|---|---|
| Defendants produce certified administrative record | Wednesday, July 8, 2026 |
| Plaintiff's motion for summary judgment | Friday, August 7, 2026 |
| Defendants' combined opposition to Plaintiff's motion for summary judgment and cross-motion for summary judgment | Tuesday, September 8, 2026 |
| Plaintiff's combined reply in support of summary judgment and opposition to Defendants' cross-motion for summary judgment | Tuesday, September 29, 2026 |
| Defendants' reply in support of cross-motion for summary judgment | Tuesday, October 20, 2026 |

Defendants oppose Anthropic's request that the Court simply convert its preliminary injunction order into a final judgment after receipt of the certified administrative record. As the Federal Rules of Civil Procedure contemplate, Defendants are entitled to defend against this case, beginning with an answer, the opportunity to compile agency administrative records, and finally, the right to have the case resolved on summary judgment with the benefit of the full administrative record. There is no basis to shortchange this process without Defendants' consent. And the decision Plaintiff cites, *Air Line Pilots Ass'n, Int'l v. Alaska Airlines, Inc.*, 898 F.2d 1393, 1397 n.4 (9th Cir. 1990), does not support Plaintiff's argument that Rule 56(f) somehow permits the Court to simply convert a preliminary injunction into final judgment without complying with Rule 56's notice and hearing requirements.

Relatedly, Anthropic wrongly presumes that Defendants have already compiled and submitted

the administrative record with the preliminary injunction briefing. The Department of War never certified that the preliminary injunction exhibits they submitted constituted the full universe of documents directly or indirectly considered by the Secretary. Nor have the other agency defendants compiled or submitted certified administrative records. *See* Compl. ¶¶ 176-187. The Court cannot adjudicate Anthropic's APA claims until the agencies submit certified administrative records and the Parties brief cross-motions for summary judgment. *See* 5 U.S.C. § 706.

Finally, Anthropic's proposed summary-judgment briefing schedule is unreasonable. Given the existence of the preliminary injunction, there is no basis to deny Defendants the time they are entitled under Civil L.R. 16-5 to answer or otherwise respond to the Complaint—*i.e.*, until Monday, June 8, 2026. And given that Anthropic has alleged APA claims against 17 different agencies, Defendants' request for an additional 30 days to finish compiling the administrative records is eminently reasonable. In terms of briefing, the legal and factual issues in this case merit—and the Court would benefit from— the Parties' more deliberate attention than Anthropic's rushed schedule. Again, given the preliminary injunction, there is no reason to rush but every reason to ensure that Defendants have a full and fair opportunity to litigate this case.

**Plaintiff's Position**:

The parties have met and conferred in response to this Court's order requiring them to submit a joint stipulation and proposed order setting a case schedule, *see* ECF No. 139, but have been unable to reach an agreement. Plaintiff Anthropic PBC believes the case should continue to be litigated expeditiously in this Court while any interlocutory appellate proceedings play out. Defendants believe that this Court should stay all proceedings pending the resolution of a separate proceeding in the D.C. Circuit and their appeal of the Court's preliminary injunction order in the Ninth Circuit (which they soon will be asking the Ninth Circuit to place in abeyance, pending resolution of the D.C. Circuit proceeding).

Anthropic has outlined its position below. In brief, Anthropic respectfully requests that the Court order Defendants to file the certified administrative record and then convert its preliminary injunction order into a final judgment or, in the alternative, set a schedule for summary judgment briefing as proposed below. For the reasons stated below, Anthropic does not agree to a stay of this litigation

pending Defendants' appeal of the preliminary injunction order. But Anthropic respectfully requests that the Court schedule a status conference at the first available opportunity, so it can hear from the parties about their positions and resolve the current impasse.

The underlying dispute commenced when the Executive Branch subjected Anthropic to a series of unlawful, retaliatory actions. Those actions included the President's directive barring federal agencies from working with Anthropic (and the ensuing implementation of that directive by federal agencies); Secretary of War Hegseth's order requiring every contractor, supplier, or partner that does business with the military to immediately cease commercial activity with Anthropic; Secretary Hegseth's supply-chain-risk determination under 10 U.S.C. § 3252; and his separate supply-chain risk determination and corresponding covered procurement actions under 41 U.S.C. § 4713. Anthropic filed this suit in its home district with respect to the first three unlawful actions. As to the fourth unlawful action, Anthropic sought review in the D.C. Circuit, as required by 41 U.S.C. § 1327. *See Anthropic v. Department of War*, No. 26-1049 (D.C. Cir. Mar. 9, 2026).

Given the threats posed to Anthropic's business and reputation by these unprecedented actions—particularly at this critical moment in the development of frontier AI models—Anthropic has pressed to litigate these cases expeditiously while also allowing for thorough adversarial briefing and argument. Anthropic filed its complaint in this case and its petition for review in the D.C. Circuit case on March 9—less than a week after Defendants notified it of the § 3252 and § 4713 determinations, and just 10 days after the Presidential Directive and Secretary Hegseth's secondary boycott order. At the status conference on March 10, Anthropic urged this Court to expedite the schedule for briefing and hearing on its preliminary injunction motion. On March 11, Anthropic moved in the D.C. Circuit to stay the Secretary's § 4713 determination pending review, or to expedite merits briefing.

On March 26, 2026, this Court granted Anthropic's motion for a preliminary injunction addressing the Presidential Directive, the Secretary's secondary boycott order, and the Secretary's determination under 10 U.S.C. § 3252. ECF No. 135. "In light of Anthropic's non-opposition," the Court granted "Defendants' request for an administrative stay for seven days to allow the United States to seek an emergency, expedited stay from the court of appeals." ECF No. 134 at 41; *see* ECF No. 135 at

3. On April 1, this Court ordered the parties to submit a joint stipulation and proposed order setting a case schedule by April 21. ECF No. 139. On April 2, the day the preliminary injunction order took effect, Defendants filed their notice of appeal. ECF No. 141. Despite their earlier request for an administrative stay, Defendants did not file any motion for a stay of the order pending appeal. That same day, the Ninth Circuit entered its standard preliminary injunction briefing schedule, with Defendants' opening brief due April 30 and Anthropic's answering brief due May 28. Ninth Cir. ECF No. 2.

On April 8, in the D.C. Circuit proceeding, a three-judge panel denied Anthropic's emergency motion for a stay pending review but granted Anthropic's request for expedited briefing and argument. *See* D.C. Cir. No. 26-1049 (Apr. 8 Order). On April 19, the D.C. Circuit announced on its website that the same three-judge panel that denied Anthropic's emergency motion for a stay pending review would preside over the oral argument, scheduled for May 19. *See* https://media.cadc.uscourts.gov/calendar/calendar.php?cal=EntireTerm (last visited Apr. 20, 2026).

On the morning of April 20, counsel for Defendants informed Anthropic that "[t]he government intends to move to place in abeyance its Ninth Circuit appeal in *Anthropic v. Department of War*, pending the outcome of the ongoing proceedings in the D.C. Circuit case." Defendants now ask this Court to stay all district court proceedings pending resolution of *both* the Ninth Circuit appeal—which they seek to place in abeyance—and the D.C. Circuit proceedings. The net effect of those requests would be to freeze—for months or longer—all litigation in this Circuit concerning the three unprecedented executive actions that this Court has already concluded are "likely unlawful," ECF No. 134 at 3, while the D.C. Circuit considers a different case challenging the Secretary's distinct action under 41 U.S.C. § 4713.

Under these circumstances, Anthropic cannot agree to Defendants' proposal to stay the district court proceedings. As this Court has found, each of the three actions challenged here is likely unlawful, ECF No. 134 at 3; and as to one of them, Secretary Hegseth's secondary boycott order, "Defendants concede that [it] was in excess of and contrary to his statutory authority," *id.* at 35. The interests of justice and efficiency would be best served by setting a schedule that allows Anthropic to continue this litigation and seek a prompt, final judgment as to the three actions challenged here. *See generally*

*Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) ("[I]t is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case," including "summary judgment."). Those interests would not be served by staying these proceedings for a Ninth Circuit appeal that Defendants have no present intent to litigate—and thereby substantially delaying a final judgment in this case while Defendants litigate Anthropic's distinct challenge to a different executive action in a different forum.

That is particularly true because there is little left to litigate in this case. It appears that Defendants have already assembled the documents that they believe comprise the administrative record—and many of those documents have already been submitted in court filings. Anthropic does not presently foresee any need for discovery. Anthropic would not object to the Court waiving any requirement that Defendants answer the complaint. And the Parties' legal arguments have already been thoroughly ventilated, in extensive preliminary injunction briefing that (at the Parties' request) substantially exceeded the Court's standard page limits.

Under these circumstances, Anthropic respectfully submits that proceeding to summary judgment and resolving this case on the existing record and based on the existing briefing would be in the interests of judicial economy. *See* Fed. R. Civ. P. 56(f) (authorizing the court, "[a]fter giving notice and a reasonable time to respond," to grant summary judgment for a nonmovant); *cf. Air Line Pilots Ass'n, Int'l v. Alaska Airlines, Inc.*, 898 F.2d 1393, 1397 n.4 (9th Cir. 1990) (A district court may "convert a decision on a preliminary injunction into a final disposition of the merits by granting summary judgment on the basis of the factual record available at the preliminary injunction stage"); *American Ass'n of Univ. Professors v. Trump*, N.D. Cal. No. 25-cv-7864, ECF No. 103 at 4 (Joint Case Management Statement) ("In light of the extensive preliminary injunction briefing and to streamline proceedings in this case, Defendants proposed to Plaintiffs converting the preliminary injunction order to a final judgment."). Anthropic respectfully proposes that the Court order the following schedule:

| Event / Deadline | Proposed Date |
|---|---|
| Defendants file certified administrative record | May 6, 2026 |
| Any further hearing that the Court deems | Week of May 18, 2026 (or as |

| appropriate before entering judgment | soon as practicable) |

To the extent that the Court believes that additional briefing would be beneficial, or Defendants express a desire to submit summary judgment briefing, Anthropic proposes that the Court order the following schedule:

| Event / Deadline | Proposed Date |
|---|---|
| Defendants file certified administrative record | May 6, 2026 |
| Anthropic files motion for summary judgment | May 20, 2026 |
| Defendants file opposition and any cross-motion for summary judgment | June 3, 2026 |
| Anthropic files reply in support of motion for summary judgment and opposition to any cross-motion for summary judgment | June 17, 2026 |
| Defendants file reply in support of any cross-motion for summary judgment | June 24, 2026 |
| Hearing on motion and any cross-motion | Week of June 29, 2026 (or as soon as practicable) |

Dated: April 21, 2026

Respectfully submitted,

/s/ Michael J. Mongan
MICHAEL J. MONGAN (SBN 250374)
michael.mongan@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000

*Counsel for Plaintiff*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JEAN LIN
Special Litigation Counsel
Federal Programs Branch

/s/ James W. Harlow
JAMES W. HARLOW (Md. Bar; no number issued)
KRISTINA A. WOLFE (VA. Bar. 71570)
Senior Trial Counsel
CHRISTIAN DIBBLEE (D.C. Bar 90002557)
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice

1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-6786
james.w.harlow@usdoj.gov

*Counsel for Defendants*