UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHROPIC PBC,<br><br>                Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF WAR, et al.,<br><br>                Defendants. | Case No.  26-cv-01996-RFL<br><br>**ORDER SETTING CASE SCHEDULE**<br>Re: Dkt. No. 149 |

Having reviewed the parties' positions, the following case schedule is set:

- Defendants' certified administrative record is due by May 22, 2026.

- Defendants' answer or other response is due by June 8, 2026.

- Anthropic's motion for summary judgment is due by June 10, 2026.

- Defendants' opposition and any cross-motion for summary judgment is due by June 24, 2026.

- Anthropic's reply in support of its motion for summary judgment and opposition to any cross-motion for summary judgment is due by July 8, 2026.

- Defendants' reply in support of any cross-motion for summary judgment is due by July 15, 2026.

- A hearing on Anthropic's motion and any cross-motion is set for **July 30, 2026 at 10:00 a.m.**

Summary judgment briefing is limited to 25 pages per brief, except for Defendants' reply, which is limited to 15 pages.

1

Defendants are entitled to an opportunity to develop the administrative record and to present their arguments concerning summary judgment, which requires a different legal standard than a preliminary injunction. However, Defendants have failed to explain why they require more than two additional months to compile the administrative record. While Defendants point to the fact that Anthropic has alleged APA claims against 17 different agencies, the underlying actions that are challenged were all taken by Department of War. Therefore, it does not appear likely that the other 16 Agency Defendants will need significant time to compile their portion of the administrative record. In the absence of more specific evidence of burden, the Court finds that four additional weeks is sufficient for Defendants to develop the administrative record.

Defendants argue that the Court should stay all proceedings pursuant to *Landis v. North Am. Co.*, 299 U.S. 248 (1936), pending resolution of their appeal of the Court's preliminary injunction order to the Ninth Circuit, as well as the related proceedings in the D.C. Circuit. The D.C. Circuit proceedings are set for hearing on May 19, 2026. *Anthropic, PBC v. U.S. Dep't of War*, No. 26-1049, 2026 WL 1042493, at *1 (D.C. Cir. Apr. 8, 2026). Defendants have moved to hold their Ninth Circuit appeal in abeyance pending resolution of the D.C. Circuit proceedings. *Anthropic, PBC, v. United States Department of War*, No. 26-2011, Dkt. No. 13.1 (filed Apr. 22, 2026).

The request for a stay is denied because the *Landis* factors are not met. Defendants have not made the necessary showing as to any hardship or inequity they would experience if the action is not stayed. Furthermore, it does not appear that a stay would be in the interest of the orderly course of justice. The proceedings in the D.C. Circuit challenge a Department of War action taken pursuant to a different statute, and any decision from the D.C. Circuit will not address the Hegseth Directive or the Presidential Directive. Therefore, it is speculative, at best, that the D.C. Circuit's decision will simplify matters in this action. With respect to the Ninth Circuit appeal, Defendants are seeking to hold those proceedings in abeyance, and it is uncertain when the appeal will proceed. In any event, Defendants have stated that they intend to submit a more fulsome record for the purpose of summary judgment proceedings in this action. Because

the analysis in the preliminary injunction order was highly fact-bound based on the record available at that stage, it is difficult to assess how a Ninth Circuit ruling concerning the preliminary injunction would affect a summary judgment determination made based on a different record.  As such, Defendants have not carried their burden to justify a *Landis* stay.

**IT IS SO ORDERED.**

Dated: April 23, 2026

RITA F. LIN
United States District Judge

3