BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
JEAN LIN
Senior Litigation Counsel
KRISTINA A. WOLFE (VA Bar. No. 71570)
Assistant Director
JAMES W. HARLOW (Md. Bar, no number issued)
Senior Trial Counsel
CHRISTIAN R. DIBBLEE (D.C. Bar No. 90002557)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-6786 (Harlow)
james.w.harlow@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANTHROPIC PBC, | Case No. 3:26-cv-01996-RFL |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPLETE OR SUPPLEMENT THE ADMINISTRATIVE RECORD** |
| v. | |
| U.S. DEPARTMENT OF WAR, *et al.,* | |
| Defendants. | Judge: Hon. Rita F. Lin |
| | Hearing Date: July 30, 2026 |
| | Hearing Time: 10:00 a.m. PT |

Plaintiff Anthropic PBC has moved "to complete the Department of War's administrative record and to consider evidence outside that administrative record in evaluating Anthropic's Administrative Procedure Act claim." Mot. (ECF No. 169) 2.[1] However, Anthropic has neither overcome the presumption that DoW's certified record is complete nor shown that extra-record evidence is necessary to resolve its APA claim. This Court should deny Anthropic's motion.

As the Supreme Court has long made clear, in Administrative Procedure Act (APA) cases, "the

---

[1] Pincites reflect the page number added by CM/ECF.

Case No. 3:26-cv-1996-RFL                          Defs.' Opp'n to Mot. to Complete or Supp. Record

task of the reviewing court is to apply the appropriate APA standard of review, to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985). "[T]he focal point for judicial review should be the administrative record already in existence." *Camp v. Pitts,* 411 U.S. 138, 142 (1973) (per curiam). The "whole" record, 5 U.S.C. § 706, "consists of all documents and materials directly or indirectly considered by agency decision-makers," *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989).

"[A]n agency's statement of what is in the record is subject to a presumption of regularity." *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2023) (quoting *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021)). That is, a court must "presume that an agency properly designated the Administrative Record absent clear evidence to the contrary." *Goffney*, 995 F.3d at 748; *see Pinnacle Armor, Inc. v. United States*, 923 F. Supp. 2d 1226, 1239 (E.D. Cal. 2013) (a plaintiff must "identify reasonable, non-speculative grounds for [the] belief that the documents were considered by the decision makers involved in the determination"). Otherwise, a court risks "substitut[ing] its judgment for that of the agency." *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980).

Here, Defendants produced certified administrative records from 14 separate agencies. Each agency attested to the completeness of its record—*i.e.*, that it contains "all documents and materials directly or indirectly considered by agency decision-makers." *Blue Mountains*, 99 F.4th at 444 (quoting *Thompson*, 885 F.2d at 555). This Court "must therefore presume" the agencies "properly designated the Administrative Record." *Goffney*, 995 F.3d at 748 (quoting *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993)).

Anthropic PBC nonetheless moves to add two documents to the record: a March 4, 2026 Email from Under Secretary of War Emil Michael and a June 10, 2026 declaration of Thiyagu Ramasamy, an Anthropic employee who is the company's Head of Public Sector. *See* Mot. 2. Neither request is proper.

Taking each document in turn, Anthropic has not established through "clear evidence," *Goffney*, 995 F.3d at 748 (quoting *Bar MK Ranches*, 994 F.2d at 740), that Secretary Hegseth actually "considered the Michael Email when" he made the determination under 10 U.S.C. § 3252, Mot. 5. The timeline alone disproves Anthropic's theory. The Secretary signed the § 3252 determination on March 3, 2026—the day before Under Secretary Michael's email. So the Secretary necessarily could not have considered the

Case No. 3:26-cv-1996-RFL                    2              Defs.' Opp'n to Mot. to Complete or Supp. Record

Email.  It is irrelevant that Anthropic did not learn of the Secretary's action until March 4.  *See* Mot. 5. "[A]gency action must be examined by scrutinizing the administrative record *at the time the agency made its decision*."  *Asarco*, 616 F.2d at 1159 (emphasis added).  Furthermore, Anthropic cannot use "post-decision information . . . as a new rationalization . . . for attacking [DoW's] decision."  *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 944 (9th Cir. 2006) (quotation omitted).  Thus, the March 4 Email simply is not part of the administrative record.

As for the Ramasamy Declaration, it indisputably is extra-record evidence and barred from consideration by the record-review rule unless it satisfies one of the limited exceptions.  A court may "admit extra-record evidence: (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith."  *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (internal quotations omitted).  "[T]hese exceptions are narrowly construed and applied," and "the party seeking to admit extra-record evidence initially bears the burden of demonstrating that a relevant exception applies."  *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014).  Anthropic has not carried this heavy burden.

*First*, the Declaration is not "*necessary* to determine 'whether the agency has considered all relevant factors and has explained its decision.'"  *Id.* at 992 (quoting *Lands Council*, 395 F.3d at 1030) (emphasis added).  The Ninth Circuit has stressed how "reviewing courts may not look to this" type of extra-record "evidence as a basis for questioning the agency's scientific analyses or conclusions."  *Id.* at 993 (citing *Asarco,* 616 F.2d at 1160–61).  Yet that is exactly why Anthropic tenders the Ramasamy Declaration.  This self-serving declaration sets forth the company's disagreement with DoW's analysis of the AI model's "technical capability" and with DoW's predictive risk assessment.  Mot. 7.  Because "extra-record declarations" are not a proper vehicle "to debate the merits" or to challenge the "wisdom of [DoW's] judgments," *San Luis*, 776 F.3d at 993, the Ramasamy Declaration is inadmissible under this exception.

*Second*, the Ramasamy Declaration is not "*necessary* to explain technical terms or complex subject matter."  *Id.* at 992 (quoting *Lands Council*, 395 F.3d at 1030) (emphasis added).  According to Anthropic,

the Declaration, at most, "provides an accessible exposition" of technical issues that might "aid" the Court. Mot. 8. That falls far short of the necessity standard. Anthropic must "explain why the existing record is inadequate to permit judicial review of [DoW's] actions" and "how the [Declaration] offered would cure any inadequacy." *Pinnacle Armor, Inc.*, 923 F. Supp. 2d at 1245. In any event, the record is not inadequate without the Ramasamy Declaration. The Administrative Record readily discloses the basis of DoW's decision and the decision-making process. Again, a company may not supplement the Administrative Record with a self-serving declaration that disputes the agency's decision because the purpose of such supplementation is to get a court to substitute its judgment for that of the agency.

*Third*, Anthropic has not shown "agency bad faith." *San Luis*, 776 F.3d at 993 (quoting *Lands Council*, 395 F.3d at 1030). As discussed more fully in Defendants' cross-motion for summary judgment, the cry of "pretextual" reasoning by DoW rings hollow. *Contra.* Mot. 8. Contrary to Anthropic's assertion, whether Anthropic has real-time access to its AI model after it is deployed on DoW's systems, *see id.*, is not DoW's true concern. Rather, DoW is concerned about the risk that, regardless of DoW's contractual rights or legal authorities, Anthropic "could . . . preemptively and surreptitiously alter the behavior of the model in advance" to reflect "its moral and policy judgments" without DoW's knowledge or consent and thereby undermine national security. AR215.

Anthropic undeniably possesses the means and the opportunity *before* deployment to embed into a model its own beliefs about the appropriate limits on the model's use without DoW's knowledge or consent. *See* ECF No. 166-4, ¶ 27 (conceding "Anthropic can influence the operation of its models with respect to the Department's uses . . . through model training prior to operational deployment"). And the opportunity for surreptitious influence or restrictions arises anew with each successive version of a model. *See id.* ¶ 53 ("Unlike conventional software, a model cannot be updated in place . . . . The only way to alter a deployed model's behavior is to replace it with an entirely new model version."). Anthropic denies any motive to capitalize on this privileged capability and access, but the Secretary's disagreement about that risk is well-supported and a far cry from bad faith. AR213-AR214, AR246, AR254; *see, e.g.*, *Afianian v. Duke*, No. CV1707643FMORAOX, 2018 WL 9619346, at *5 (C.D. Cal. Nov. 30, 2018) ("Even if a court disagrees with the agency's assessment of facts before it or finds the agency's view was wrong, this does not mean the agency's decision based on that assessment was reached in bad faith.").

*Finally*, Anthropic wrongly accuses DoW of depriving it of an opportunity to "submit[] materials" and of hiding behind the record-review rule. Mot. 9. When notifying Anthropic of the § 3252 determination, Secretary Hegseth expressly provided the company with 30 days to submit notice of any request for reconsideration (and additional time to submit relevant information or arguments if the company timely submitted such a notice). AR239-AR240. Anthropic rebuffed the offer. It cannot now attempt to slip in information, through an extra-record declaration, that it should have submitted first to DoW. *See Bellion Spirits, LLC v. United States*, 7 F.4th 1201, 1210 (D.C. Cir. 2021) (ruling that "district court appropriately exercised its discretion in declining to supplement the administrative record" because, in part, the plaintiff "simply did not submit the additional evidence to [the agency] and then sought to have the district court consider it in the first instance").

For all these reasons, the Court should deny Anthropic's motion to complete and supplement the administrative record.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JEAN LIN
Special Litigation Counsel
Federal Programs Branch

KRISTINA A. WOLFE (VA. Bar. 71570)
Assistant Director
Federal Programs Branch

*/s/ James W. Harlow*
JAMES W. HARLOW (Md. Bar; no number issued)
Senior Trial Counsel
CHRISTIAN R. DIBBLEE (D.C. Bar. 90002557)
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.

Washington, D.C. 20005
(202) 514-6786 (Harlow)
james.w.harlow@usdoj.gov