MICHAEL J. MONGAN (SBN 250374)
michael.mongan@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000

EMILY BARNET (*pro hac vice*)
emily.barnet@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

*Attorneys for Plaintiff Anthropic PBC*

KELLY P. DUNBAR (*pro hac vice*)
kelly.dunbar@wilmerhale.com
JOSHUA A. GELTZER (*pro hac vice*)
joshua.geltzer@wilmerhale.com
KEVIN M. LAMB (*pro hac vice*)
kevin.lamb@wilmerhale.com
SUSAN HENNESSEY (*pro hac vice*)
susan.hennessey@wilmerhale.com
LAUREN MOXLEY BEATTY (SBN 308333)
lauren.beatty@wilmerhale.com
MATTHEW E. MORRIS (*pro hac vice*)
matt.morris@wilmerhale.com
BARDIA VASEGHI (*pro hac vice*)
bardia.vaseghi@wilmerhale.com
DAKOTA C. FOSTER (*pro hac vice*)
dakota.foster@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHROPIC PBC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF WAR, et al.,<br><br>　　　　　Defendants. | Case No. 3:26-cv-01996-RFL<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT GRANTING PLAINTIFF ANTHROPIC PBC'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Rita F. Lin<br><br>Hearing Date: July 30, 2026<br>Time: 10:00 a.m. PT |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

Upon consideration of Plaintiff's Motion for Summary Judgment, ECF No. 166, and Defendants' Cross-Motion for Summary Judgment, ECF No. 214, all memoranda, declarations, and exhibits submitted in support of or in opposition to each motion, and the entire record herein, for the reasons set forth in the accompanying Memorandum Opinion, it is hereby **ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED** and that Defendants' Cross-Motion for Summary Judgment is **DENIED**. Relief on Anthropic's constitutional claims and its Administrative Procedure Act (APA) claims is set forth separately below.

As used in this Order and Final Judgment:

(1) The "Presidential Directive" is the directive issued by the President on social media on February 27, 2026 (AR 255A).

(2) The "Hegseth Directive" is the directive issued by the Secretary of War on social media on February 27, 2026 (AR 255B), including (i) the directive to designate Anthropic as a supply chain risk to national security, and (ii) the "Secondary Boycott Order," which purports to prohibit any contractor, supplier, or partner that does business with the United States military from conducting commercial activity with Anthropic.

(3) The "March Determination" is the Secretary's determination dated March 3 (transmitted to Anthropic the evening of March 4), which formalized the designation described in the Hegseth Directive.

(4) The "Challenged Actions" are the Presidential Directive, the Hegseth Directive, and the March Determination collectively.

(5) "Defendants" is defined to exclude the Executive Office of the President. *See* ECF No. 134 at 42.

**I.    Relief on Anthropic's Constitutional Claims (Counts II, III, IV)**

**A.    Declaratory Relief**

1.    It is **DECLARED** that the Challenged Actions violate the First Amendment to the United States Constitution because they are unlawful retaliation against Anthropic for constitutionally protected expressive activities.

2.    It is **DECLARED** that the Challenged Actions violate the Due Process Clause of the Fifth Amendment because they deprived Anthropic of constitutionally protected liberty and property interests without sufficient notice or a sufficient opportunity to be heard.

3.    [*If the Court determines it is necessary to reach Count III:*] It is **DECLARED** that the Presidential Directive exceeds the President's constitutional authority under Article II of the United States Constitution and violates the separation of powers.

**B.    Permanent Injunctive Relief**

4.    Defendants and all of their agents, officers, employees, representatives, successors, assigns, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, are permanently **ENJOINED** from implementing, enforcing, or giving effect to the Challenged Actions.

5.    To ensure compliance with the injunction, Defendants are **DIRECTED** to:

a.    Rescind all guidance, directives, communications, or instructions issued to communicate, effectuate, implement, or enforce, or in furtherance of, the Challenged Actions;

b.    Take all necessary actions to prevent the implementation or enforcement of the Challenged Actions.

**II.    Relief on Anthropic's APA Claims (Counts I, V)**

6.    It is **DECLARED** that the Hegseth Directive is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law; in excess of statutory jurisdiction, authority, or limitations under 10 U.S.C. § 3252; and without observance of procedure required by law, in violation of 5 U.S.C. § 706. The Hegseth Directive is hereby **VACATED** and **SET ASIDE** pursuant to 5 U.S.C. § 706(2).

7.    [*In addition, if the Court concludes that the March Determination is also final agency action:*] It is **DECLARED** that the March Determination is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law; in excess of statutory jurisdiction, authority, or limitations under 10 U.S.C. § 3252; and without observance of procedure required by law, in violation of 5 U.S.C. § 706. The March Determination is hereby **VACATED** and **SET ASIDE** pursuant to 5 U.S.C. § 706(2).

8.    [*If the Court determines it is necessary to reach Count V:*] It is **DECLARED** that the actions taken by the Department of War (AR 209, 241-42), Department of State (AR 319-33), Department of Health and Human Services (AR 334-38), Office of Personnel Management (AR 361-62), Nuclear Regulatory Commission (AR 385-86), Department of the Treasury (AR 256-67), Department of Commerce (AR 1571), Department of Homeland Security (AR 1576-77), Securities and Exchange Commission (AR 339-44), National Aeronautics and Space Administration (AR 388-93), Department of Energy (AR 521-22), Federal Housing Finance Agency (AR 317), Department of Veterans Affairs (AR 527-28), and General Services Administration (AR 394, 400-10) to implement the Presidential Directive were orders and sanctions imposed without jurisdiction delegated to those agencies and without authorization by law, in violation of 5 U.S.C. §§ 558(b) and 706(2).[1] Those orders and sanctions are hereby **VACATED** and **SET ASIDE** pursuant to 5 U.S.C. § 706(2).

**III.    General Provisions**

9.    Within fourteen (14) days of the date of this Order, Defendants shall file a status report describing the steps taken to comply with this Order and certifying compliance with its requirements.

10.    The Court shall retain jurisdiction to enforce the terms of this Order.

11.    Pursuant to Federal Rule of Civil Procedure 58(a), final judgment is hereby entered for Anthropic.

IT IS SO ORDERED.

Dated: _____, 2026

_____
Hon. Rita F. Lin
United States District Judge

---

[1 Although Anthropic named the Social Security Administration, Federal Reserve Board of Governors, National Endowment for the Arts, and Executive Office of the President in the complaint, *see* ECF No. 1, the record does not reflect that those agencies took any relevant action, *see* ECF No. 234 at 22-23.]

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July, 2026, I electronically filed the foregoing document using the CM/ECF System, that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

By:    */s/ Michael J. Mongan*
Michael J. Mongan