UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHROPIC PBC,
Plaintiff,
v.
U.S. DEPARTMENT OF WAR, et al.,
Defendants.

Case No. 26-cv-01996-RFL

**ORDER OF FINAL RELIEF**

For the reasons set forth in the accompanying Opinion (Dkt. No. 250), it is hereby **ORDERED** that Anthropic's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART** and Defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. As to the First Amendment claim (Count II), Anthropic's motion is **GRANTED** and Defendants' motion is **DENIED** with respect to all Defendants except the Non-Participating Defendants.[1]

2. As to the Due Process Clause claim (Count IV), Anthropic's motion is **GRANTED** and Defendants' motion is **DENIED** with respect to all Defendants except the Non-Participating Defendants.

3. As to the APA challenge to the Hegseth Directive and the Supply Chain Designation (Count I), Anthropic's motion is **GRANTED** and Defendants' motion is **DENIED** with respect Secretary Hegseth and DoW.

[1] "Non-Participating Defendants" are the National Endowment for the Arts, the Social Security Administration, the Federal Reserve Board of Governors, the Executive Office of the President, and their respected heads, and Does 1–10. All capitalized terms used in this Order are defined in the accompanying Opinion. (Dkt. No. 250.)

4. As to the APA challenge pursuant to Section 558 (Count V), Anthropic's motion is **GRANTED** and Defendants' motion is **DENIED** with respect to DoW, Treasury, FHFA, State, GSA, OPM, NRC, DHS, and Energy, and their respective agency heads. Anthropic's motion is **DENIED** and Defendants' motion is **GRANTED** with respect to HHS, Commerce, VA, SEC, NASA, and their respective agency heads, and the Non-Participating Defendants.

5. As to the *ultra vires* challenge (Count III), Defendants' motion is **GRANTED** and Anthropic's motion is **DENIED** with respect to all Defendants.

6. As to all claims, Defendants' motion is **GRANTED** and Anthropic's motion is **DENIED** with respect to the Non-Participating Defendants.

For the reasons set forth in the accompanying Opinion (Dkt. No. 250), the following relief is **ORDERED**:

## I. Relief on Anthropic's First Amendment and Due Process Clause Claims (Counts II, IV)

7. It is **DECLARED** that the Challenged Actions violate the First Amendment because they are unlawful retaliation against Anthropic for constitutionally protected expressive activities.

8. It is **DECLARED** that the Challenged Actions violate the Due Process Clause of the Fifth Amendment because they deprive Anthropic of constitutionally protected liberty interests without sufficient pre-deprivation notice or opportunity to be heard.

9. All Defendants except the Non-Participating Defendants, and all of their agents, officers, employees, representatives, successors, assigns, and all other persons acting for, with, by, through, or under their authority, or in concert or participation with them, are permanently **ENJOINED** from implementing, enforcing, or giving effect to the Challenged Actions.

10. To ensure compliance with the injunction, those Defendants are **DIRECTED** to:

a. Rescind all guidance, directives, communications, or instructions issued to communicate, effectuate, implement, or enforce, or in furtherance of, the Challenged Actions; and

b. Take all necessary actions to prevent the implementation or enforcement of the Challenged Actions.

## II. Relief on Anthropic's APA Claims (Counts I, V)

11. It is **DECLARED** that the Supply Chain Designation, including the portions of the Hegseth Directive that announced the designation, is arbitrary, capricious, and in excess of statutory jurisdiction, authority, or limitations under 10 U.S.C. § 3252; and without observance of procedure required by law, in violation of 5 U.S.C. § 706. The Supply Chain Designation is hereby **VACATED**, **SET ASIDE**, and **REMANDED** pursuant to 5 U.S.C. § 706(2).

12. It is **DECLARED** that the portion of the Hegseth Directive ordering that "[e]ffective immediately, no contractor, supplier, or partner that does business with the United States military may conduct any commercial activity with Anthropic" is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 5 U.S.C. § 706. That order within the Hegseth Directive is hereby **VACATED** and **SET ASIDE** pursuant to 5 U.S.C. § 706(2).

13. It is **DECLARED** that the actions taken by DoW (AR 209, AR 241–42), State (AR 321), OPM (AR 361–62), NRC (AR 385–87), Treasury (AR 256, 259), DHS (AR 1576), Energy (AR 521–22), FHFA (AR-317), and GSA (AR 394, AR 400–10) to implement the Presidential Directive were orders and sanctions imposed without jurisdiction delegated to those agencies and without authorization by law, in violation of 5 U.S.C. §§ 558(b) and 706. Those orders and sanctions are hereby **VACATED** and **SET ASIDE** pursuant to 5 U.S.C. § 706(2). The relief described above does not extend to any acts taken by FHFA in a conservator capacity. *See* 12 U.S.C. § 4617(f).

## III. General Provisions

14. This Order does not bar any Defendant from taking any lawful action that would have been available to it on February 27, 2026, prior to the issuance of the Challenged Actions. For example, this Order does not require the Department of War to use Anthropic's products or services and does not prevent the Department of War from transitioning to other artificial intelligence providers, so long as those actions are consistent with applicable regulations, statutes, and constitutional provisions.

15. The Court shall retain jurisdiction to enforce the terms of this Order.

**IT IS SO ORDERED.**

Dated: August 27, 2026

RITA F. LIN
United States District Judge